UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO.3:09CV00913 |
| | ) Judge Haynes |
| $22,980.00 UNITED STATES CURRECY, | ) |
| | ) |
| Defendant. | ) |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the defendant property in the above-captioned case to the United States of America.

On September 30, 2009, the United States of America filed a Verified Complaint *In Rem* seeking forfeiture of the above-captioned defendant property, alleging that the defendant property constitutes moneys furnished or intended to be furnished by a person in exchange for a controlled substance, or is proceeds traceable to such an exchange, or is moneys used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and 846 and is, therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6).

Based upon the facts contained in the Affidavit filed in support of the Verified Complaint *in Rem*, the government has established, by a preponderance of the evidence, the requisite nexus between the defendant property and the offenses alleged in the Verified Complaint *in Rem*.

Pursuant to Summons and Warrant for Arrest *In Rem* issued by the Clerk of this Court on September 30, 2009, the United States Marshal for the Middle District of Tennessee arrested defendant property on October 14, 2009.

On October 2, 2009, Daryl D. Taft, was served, via certified mail, return receipt, with a copy of the Verified Complaint *In Rem*, Affidavit and Notice of Judicial Forfeiture Proceedings. On October 2, 2009, a copy fo the Verified Complaint *In Rem*, Affidavit and Notice of Judicial Forfeiture Proceedings was also served upon Paul Walwyn as counsel for Daryl D. Taft.

Although Daryl D. Taft filed a Claim and Answer on November 6, 2009 and November 17, 2009 respectively, he subsequently withdrew both on December 6, 2010.

Public notice to all persons of said forfeiture action was also advertised on-line at "www.forfeiture.gov," the official internet government forfeiture site, for 30 consecutive days beginning on November 5, 2009 and ending on December 4, 2009.

Pursuant said notice, all persons claiming an interest in defendant property were required to file their verified claims with the Clerk of this Court within sixty (60) days from the first date of publication of the Notice.

No other person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to Daryl D. Taft and all persons and entities claiming an interest in defendant property, pursuant to Rule 55(a) Federal Rules of Civil Procedure.

The United States has now moved for entry of a Default Judgment and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to Daryl D. Taft and all persons or entities who may claim to have an interest in the defendant property. Further, the Court finds by a preponderance of the evidence that the Verified Complaint for Forfeiture establishes that the defendant property constitutes moneys

2

furnished or intended to be furnished by a person in exchange for a controlled substance, or is proceeds traceable to such an exchange, or is moneys used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and 846 and is, therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. A Judgment by Default is hereby entered as to Daryl D. Taft and all persons or entities with respect to any interest they may have in the Defendant Property.

2. The government has established, through the facts set forth in the complaint and affidavit, by a preponderance of the evidence that there is a nexus between the defendant property and the offenses alleged in the Verified Complaint *in Rem* such that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3. The defendant property more particularly described as $22,980.00 United States currency, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

4. The United States Marshals Service, as custodian of said forfeited property, shall dispose of the same according to law.

5. The Clerk of this Court shall provide the United States Attorney's Office and the United States Marshals Service with a certified copy of this order.

3

Dated on this, the 5th day of April, 2011.

_____
JUDGE HAYNES
UNITED STATES DISTRICT JUDGE

4